GRIFFIN, J.
 

 Larry Odum [“Odum”] appeals the summary denial of his motion for post-conviction relief, raising one claim of ineffective assistance of counsel and double jeopardy.
 

 A jury found Odum guilty of vehicular homicide and reckless driving causing serious bodily injury. The evidence presented at his trial demonstrated that Odum drove his truck, at excessive speed, through a red light and into a minivan, killing one person and seriously injuring another. According to the evidence, Odum had alcoholic beverages inside his vehicle and smelled strongly of alcohol. At sentencing, the court pronounced a sentence of twenty years on count one, followed by five years on count two, for a total of twenty-five years in prison. However, five days later, the court entered a written order increasing the sentence on count one to twenty-five years, with both counts to run concurrently. Odum did not raise this change in the sentence in his appeal; rather, Odum argued he was improperly sentenced as a habitual felony offender. This Court affirmed the convictions and sentences.
 
 See Odum v. State,
 
 4 So.3d 1258 (Fla. 5th DCA 2009). Odum now complains that the trial court was not allowed to alter his sentence after he began serving it.
 

 The reason for the change in the sentence is not clear from the record. Odum says it came about because the State was concerned about the propriety of a consecutive sentence for the two counts. The record reflects that the orally pronounced sentence was twenty years on count one
 
 *1099
 
 and five years on count two, to be served consecutively, but the written sentence is twenty-five years on count one and a suspended five-year sentence on count two, to be served concurrently. In denying Odum’s rule 3.850 motion, the court concluded that the sentence, as written, was proper because the overall term of incarceration (twenty-five years) was the same as the orally pronounced sentence, so that Odum suffered no prejudice. Although the lower court’s resolution was practical, Odum correctly asserts that the trial court was obliged to execute a written sentencing document that conformed to the oral pronouncement of sentence. Odum further contends that any increase in the twenty-year sentence on count one would violate double jeopardy. The parties to this appeal appear to assume that the originally announced sentence was illegal because the two counts were to run consecutively, but that issue is not before us. The trial court must enter a sentencing order that matches the oral pronouncement. If Odum then seeks to have that sentence declared illegal and, if he succeeds, the trial court may correct the sentence to conform to the original sentencing intent. If the sentences on the two counts must, by law be concurrent, not consecutive, upon resentencing, we see no reason why the trial court could not impose the concurrent twenty-five year sentence, or any other lawful concurrent sentence, so long as it does not violate the limitations of
 
 North Carolina v. Pearce,
 
 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
 
 See Golz v. State,
 
 722 So.2d 210, 210-11 (Fla. 2d DCA 1998) (Altenbernd, J., concurring).
 

 REVERSED and REMANDED.
 

 ORFINGER, C.J., and EVANDER, J., concur.